CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Michelle Uzeta, Esq., SBN 164402
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
michelleu@potterhandy.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTEN DIVISON

| | |
|---|---|
| **Danny Glenn,** | Case No. |
| Plaintiff, | **Complaint For Injunctive Relief and Damages For Violations Of:** |
| v. | |
| **Four Seasons Apartments, LLC, and Does 1-10 inclusive,** | 1. The Americans with Disabilities Act, Title III, 42 U.S.C. § 12182 *et seq.*; |
| Defendants. | 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and |
| | 3. California's Disabled Person's Act, Cal. Civ. Code § 54 *et seq.* |
| | **Jury Trial Demanded** |

Plaintiff Danny Glenn ("Plaintiff") complains of Defendants Four Seasons Apartments, LLC and Does 1-10, inclusive ("Defendants"), and alleges as follows:

## INTRODUCTION

1.      This is an action for injunctive relief and damages against Four Seasons Apartments, LLC and Does 1-10, inclusive, for discrimination against Plaintiff Danny Glenn based on his disabilities.  Defendants, the

1

Complaint

owners, operators and managers of a multi-family apartment complex in Colton, California, have constructed and/or failed to remove significant access barriers to the public portions of their facilities -- namely, the rental/management office -- preventing and/or deterring Plaintiff and similarly situated persons from having equal access to and use of those facilities.

2.     This action arises under the Americans with Disabilities Act, Title III, 42 U.S.C. § 12182 *et seq.*; California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

3.     As a result of Defendants' acts and omissions, as alleged herein, Plaintiff has suffered, and will continue to suffer, damages and a loss of housing opportunities, and has been, and will continue to be, denied full and equal access to and enjoyment of his housing and the goods, services, programs and facilities offered by Defendants.

4.     Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

**JURISDICTION & VENUE**

5.     This Court has jurisdiction over this action and Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to his federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

Complaint

6.     Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Central District and that Plaintiff's causes of action arose in the Central District.

**PARTIES**

7.     Plaintiff Danny Glenn is, and at all times relevant herein was, an individual with a disability as defined under the ADA and its implementing regulations (42 U.S.C. § 12101 et seq.; 28 C.F.R. § 36.104), and California law (Cal. Gov. Code § 12926).  Plaintiff is paraplegic and uses a wheelchair for mobility.  Plaintiff is, and at all times relevant herein was, a resident of San Bernardino County, California.

8.     Defendant Four Seasons Apartments, LLC is, and at all times relevant to herein was, the owner, operator and/or manager of the multi-family apartment complex known as the Four Seasons Apartments ("Four Seasons"), and located at 1411 N. Rialto Avenue in the City of Colton, California.

9.     Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

10.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other

3

Complaint

Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**FACTUAL ALLEGATIONS**

11.    Plaintiff has resided at Four Seasons for at least 3 years.  He resides in Apartment B.

12.    Four Seasons has a rental office, open to tenants and to the public.

13.    Members of the public enter the rental office to conduct business relevant to the rental of units at Four Seasons.

14.    Tenants at Four Seasons enter the rental office to conduct business and/or engage in communications regarding their tenancies.

15.    Plaintiff visits the rental office monthly to pay his rent.

16.    Plaintiff has been, and is currently unable to enter the rental office to pay his rent, or engage in communications and business related to his tenancy at Four Seasons, because entering the rental office requires navigation of a step.  Plaintiff has personally encountered the step to the rental office on a monthly basis throughout his tenancy, and has been prevented from entering the rental office as a result.  Plaintiff has been forced to wait outside of the rental office and wait for people to come out and assist him.

17.    On information and belief, there are additional access barriers and discriminatory policies that exclude and deter Plaintiff and other similarly situated individuals who use wheelchairs from enjoying full and equal access to and use of the goods, services, facilities, privileges,

4

Complaint

advantages, and accommodations offered by Defendants to the general public.  Additional access barriers will be confirmed by Plaintiff through a noticed site inspection, at which time he will amend his Complaint.

18.    On information and belief, the rental office at Four Seasons was altered after January 26, 1992, triggering applicability of ADA Standards.

19.    On information and belief, the rental office at Four Seasons was altered after December 1981, triggering applicability of California accessibility standards, California Code of Regulations, Title 24-2.

20.    Plaintiff and other similarly situated persons who require the use of a wheelchair due to a disability, are unable to access and use the goods, services and facilities offered at the rental office of Four Seasons on a "full and equal" basis unless it is brought into compliance with Title III of the ADA, 42 U.S.C. § 12181 et seq. and California Code of Regulations, Title 24-2, both of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation.  Plaintiff is a member of that portion of the public whose rights are protected by these laws.

21.    Plaintiff would like to continue to reside at Four Seasons, and use the goods, services and facilities offered by Four Seasons to residents and members of the public.  However, Plaintiff's use and enjoyment of the facilities at Four Seasons has been severely diminished by the difficulty he has experienced as the result of the accessibility barriers to Defendants' rental office.

22.    Until the aforementioned barriers to Four Seasons are removed, Plaintiff will continue to be denied full and equal access to, and use and enjoyment of, his housing and the goods, services and facilities offered by Defendants to the general public at Four Seasons, and will suffer ongoing discrimination.

Complaint

23.    The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

**FIRST CAUSE OF ACTION**
**Americans with Disabilities Act**
**Title III - 42 U.S.C. §12101 *et seq*.**

24.    Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

25.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26.    Among the "private entities" which are considered "public accommodations" for purposes of this title is "an inn, hotel, motel, or other place of lodging".  42 U.S.C. 12181(7)(A) and (I).

27.    Four Seasons is a place of lodging, and therefore a place of "public accommodation" for purposes of Title III of the ADA.

28.    Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of Title III of the ADA.  Defendants' discriminatory conduct includes, but is not limited to:

      a.    Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disabilities. 42 U.S.C. § 12182(b)(1)(A)(i);

6

Complaint

b.  Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

c.  Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(1);

d.  Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2);

e.  Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); and

f.  Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff. 42 U.S.C. § 12182(b)(2)(A)(ii).

29.  Defendants' duties under the ADA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

30.  Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unruh Civil Rights Act
### California Civil Code § 51 et seq.

31.     Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

32.     Four Seasons is a business establishments and, as such, must comply with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

33.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code § 51(b).

34.     The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act.  Cal. Civ. Code § 51(f).

35.     Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiffs' rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Four Seasons.

36.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs' rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

37.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

8

38.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 et seq.
### (<u>Statutory damages and attorneys' fees only</u>)

39.     Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

40.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of ... public facilities, and other public places." Cal. Civ. Code § 54(a).

41.     The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... and privileges of all ... places of public accommodation, amusement, or resort, and other places to which the general public is invited...." Cal. Civ. Code § 54.1(a).

42.     Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA.  Among other things, Defendants failed to ensure that public facilities constructed or altered after December 1981 conformed to the disability access design standards contained in California Code of Regulations, Title 24, and

43.     A violation of the ADA is also a violation of the CDPA.  See Cal. Civ. Code, §§ 54(c) and 54.1(d).

44.     Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and

Complaint

knowing and/or the product of deliberate indifference.

45.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction ordering Defendants to alter their public facilities, including their rental office, to make such facilities readily accessible to and usable by individuals with disabilities. ***Note***: *the Plaintiff is not invoking section 55 of the California Civil Code and is* **not** *seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: ___ July 1 ___, 2014          CENTER FOR DISABILITY ACCESS

By:_ *Michelle Uzeta* _

Michelle Uzeta
Attorneys for Plaintiff

Complaint

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: ___July 1___, 2014          CENTER FOR DISABILITY ACCESS

By:___*Michelle Uzeta*___

Michelle Uzeta
Attorneys for Plaintiff

11

Complaint